UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK A. GYETVAY,

    Plaintiff,

v.                                              Case No.:  2:22-cv-571-JLB-KCD

THE UNITED STATES
DEPARTMENT OF JUSTICE,

    Defendant.
_____/

## ORDER

Plaintiff Mark A. Gyetvay sues the United States Department of Justice to compel the disclosure of certain records under the Freedom of Information Act ("FOIA"). At the end of July, Defendant provided Plaintiff with a *Vaughn* index[1] identifying 1,653 withheld documents. (Doc. 32-1.)[2] Gyetvay claims the *Vaughn* index is incomplete and inaccurate, so the Court should hold "Defendant in civil contempt." (Doc. 35 at 1.) Defendant has responded (Doc. 38), making this matter ripe. For the reasons below, the motion is denied.

---

[1] "*Vaughn* Index" is a term derived from *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). It typically consists of an index identifying the documents withheld by a government agency when responding to a FIOA request and the reasons therefore. *See Miscavige v. I.R.S.*, 2 F.3d 366, 367 (11th Cir. 1993).

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

To hold a party in civil contempt, the movant "must establish by clear and convincing evidence that the alleged contemnor violated the court's earlier order." *United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988). Civil contempt is defined as "willful disregard of the authority of the Court." *Ga. Power Co. v. NLRB*, 484 F.3d 1288, 1291 (11th Cir. 2007); *see also Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) ("A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order.").

To start, the "court order" that Defendant allegedly violated is the second amended scheduling order (Doc. 29), which simply provided the deadline (July 31, 2024) for Defendant to produce the *Vaughn* index. But Defendant did provide Gyetvay with the index. (*See* Doc. 35 at 4.) So any allegation that Defendant violated the scheduling order cannot be the basis for a contempt finding.

The real issue seems to be the adequacy of the *Vaughn* index. (Doc. 35 at 3.) But challenging the exemptions in the *Vaughn* index by civil contempt is incorrect. First, no court order delineates what must be included in the *Vaughn* index. *See also Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d

2

1235, 1260 (11th Cir. 2008) ("[T]his Circuit has not established a set formula or pattern for what will suffice as a *Vaughn* Index.").

What is more, as stated in the FOIA Case Management and Scheduling Order (Doc. 18 at 1), "whether a particular FOIA exemption applies is typically an issue for summary judgment." *Villanueva v. United States Dep't of Justice et al.*, No. 19-23452-CIV, 2021 WL 4342004, at *12-18 (S.D. Fla. Aug. 12, 2021). And summary judgment "is often accomplished by the government agency submitting affidavits in support of the exemptions on which it relies, the court conducting an *in camera* review of the documents withheld, and/or with the aid of a *Vaughn* Index." *Watkins Motor Lines, Inc. v. U.S. Equal Emp. Opportunity Comm'n*, No. 8:05-CV-1065-T-24TBM, 2005 WL 8160384, at *2 (M.D. Fla. Nov. 29, 2005); *see also Miccosukee Tribe*, 516 F.3d at 1258 ("[I]n this Circuit, an adequate factual basis may be established, depending on the circumstances of the case, through affidavits, a *Vaughn* Index, *in camera* review, or through a combination of these methods.").

Here, Defendant supported the claimed exemptions by moving for summary judgment and relies on both the *Vaughn* index and declarations filed in support of its motion for summary judgment. (Doc. 39 at 15; Doc. 40.) Indeed, the motion for summary judgment defends Defendant's processing of the documents and justifies the claimed exemptions, arguing that it has complied with FOIA's obligations. (Doc. 39.) So any claimed exemptions, and Gyetvay's

3

arguments about the adequacy of the *Vaughn* index, should be addressed in connection with the motion for summary judgment, not reviewed through civil contempt. In fact, the summary judgment motion and accompanying declarations (both filed after the contempt motion) arguably moot some of Gyetvay's concerns about the *Vaughn* index.

Gyetvay has presented no argument to justify the Court breaking step with the standards outlined in the FOIA scheduling order and addressing the *Vaughn* index through an ancillary civil contempt proceeding. Accordingly, it is **ORDERED**:

Plaintiff's Motion for Order to Show Cause as to Why Defendant Should Not be Held in Civil Contempt (Doc. 35) is **DENIED**.

**ENTERED** in Fort Myers, Florida this October 16, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record